FILED
AUG 19 2026
Clerk U.S. District Court
Greensboro, NC
BY

## UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**JOHN D. CUMMINGS, Individually, and as Authorized Manager of INTERLUDE HISTORIC LLC**
*Plaintiffs,*

v.

**HAWTHORNE RESIDENTIAL PARTNERS LLC, JAMES DEMETRIOUS SECOR III, SAMANTHA SIMPSON, FS MADISON LLC, RBG MADISON WOODS LLC, MADISON WOODS ASSOCIATES LLC, R. STUART ALBRIGHT, named Defendant, et al.**
*Defendants.*

**Case No.:** 1:26CV851

---

# PLAINTIFFS' MASTER FORMAL EXCEPTIONS AND EMERGENCY PETITION FOR INJUNCTIVE RELIEF UNDER THE HOBBS ACT AND RICO

NOW COMES Plaintiff, John D. Cummings, appearing *pro se* individually and on behalf of his affected business entity, and respectfully presents this corrected Master Pleading to this Honorable Court, showing as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises directly under the laws of the United States, specifically the Hobbs Act (18 U.S.C. § 1951) and the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1961 *et seq.*).
2. Venue is proper in the Middle District of North Carolina under 28 U.S.C. § 1391(b) because the business premises, real property, and the catastrophic injuries giving rise to these claims are located at **5524 #G Tomahawk Drive Greensboro NC 27410**.

### II. STANDING AND STATEMENT OF FACTS

3. Plaintiff John D. Cummings is an 80-year-old, handicapped, and indigent individual who has handled this litigation since its inception.

4. On the primary date of loss, September 17, 2021, an illegal self-help eviction, forced lockout, and common law robbery were executed by the defendants at the residence and commercial workspace located at **5524 #G Tomahawk Drive Greensboro NC 27410**.
5. At all times relevant, Plaintiff maintained an active, valid lease with Madison Woods LLC for the premises at **5524 #G Tomahawk Drive Greensboro NC 27410**, and possessed no landlord-tenant relationship with the corporate entities executing the extrajudicial lockout.
6. The underlying eviction mechanisms constitute an unconstitutional conspiracy and extortionate interference with commerce under color of official right, satisfying the statutory triggers of the Hobbs Act and state-level RICO provisions.

## III. DEFINITION AND STRUCTURE OF THE ENTERPRISE

7. **The RICO Enterprise:** At all times relevant, Defendants Hawthorne Residential Partners LLC, James Demetrious Secor III, Samantha Simpson, FS Madison LLC, RBG Madison Woods LLC, Madison Woods Associates LLC, and their operational "Eviction Team" associated together as an "association-in-fact" enterprise. This enterprise constitutes a legal entity and an ongoing operational structure as defined under 18 U.S.C. § 1961(4).
8. **Operational Purpose and Continuity:** The primary purpose of this multi-defendant enterprise was to execute fraudulent self-help evictions, secure illicit possession of protected commercial premises, and seize proprietary data and business records for financial gain. The enterprise has exhibited a continuous structure, distinct roles, a clear chain of command, and coordinated mechanisms operating independently of any standard legal process.
9. **The Coordinated Lockout Mechanism:** On September 17, 2021, the enterprise deployed its coordinated "Eviction Team" to execute an unlawful, extrajudicial lockout and self-help eviction at the residence and commercial workspace located at **5524 #G Tomahawk Drive Greensboro NC 27410**.
10. **The Extortionate Predicate Acts:** Under the cover of this illegal removal, the enterprise intentionally seized vital corporate data, files, records, and proprietary property belonging to Plaintiff's business entity, Interlude Historic LLC, from the operational headquarters at **5524 #G Tomahawk Drive Greensboro NC 27410**.
11. **The Compounding Damages Matrix:** The Eviction Team unlawfully disposed of critical commercial business equipment and tools, effectively destroying Plaintiff's home-based sole proprietorship and cutting off all streams of operational income.
12. **Continuing Civil Racketeering Violations:** This initial unlawful entry constitutes a continuing trespass and a structural building intrusion violation. Because the enterprise has maintained an ongoing, unauthorized occupation of the property at **5524 #G Tomahawk Drive Greensboro NC 27410** from September 17, 2021, to the present date, each day and week of denied access constitutes a separate, compounding offense under N.C. Gen. Stat. § 75-1.1, continuously resetting the statute of limitations.

## IV. INCORPORATION OF THE 16 SPECIFIC EXCEPTIONS

13. Plaintiff incorporates herein by reference his **16 Specific Exceptions and Objections** originally presented to challenge the state court's boilerplate order dated July 15, 2026, in Yadkin County Superior Court.
14. **Lack of Jurisdiction:** The underlying state orders, including the multi-county gatekeeper order used to block Plaintiff's public filings, were issued by an out-of-district judge acting entirely without valid assignment or jurisdiction, rendering those entries *void ab initio*.
15. **Failure to Address Preconditions:** The state court's July 15 order completely failed to address or rule upon Plaintiff's Emergency Motion to Disqualify Counsel for conflict of interest, which was verified as sitting on the judge's desk on July 9, 2026. Proceeding without resolving this structural defect violates mandatory due process.
16. **Boilerplate Confusion:** The state court's boilerplate order erroneously flipped the alignment of the parties, demonstrating a severe lack of independent judicial scrutiny and confusing the plaintiff for the defendant.

## V. THE CONTINUING HISTORICAL TIMELINE OF SYSTEMIC FILING BLOCKADES

17. Plaintiffs continue to chronicle their factual assertions through sequential records stretching from paragraph 17 through paragraph 26, mapping the precise multi-county dockets where filing blocks were initiated.
18. These sequential entries document the extensive history of unconstitutional filings blockades across diverse jurisdictions including Davidson, Guilford, and Yadkin counties.
19. Each historical block acts to directly target and insulate the underlying fraudulent summary ejectment mechanics from appellate or trial-level scrutiny.
20. The records trace how physical files were systemically withheld from the open judgment rolls by clerk operators following informal policy directives.
21. This dynamic stasis prevented the unrepresented Plaintiffs from obtaining certified tracking sheets necessary to advance statutory appeals.
22. Unassigned judicial personnel repeatedly generated off-record communications to sustain these clerical blocking maneuvers.
23. The filing barriers directly interfered with the enforcement of the recorded Davidson County default judgment rules.
24. As a consequence of these multi-jurisdictional restrictions, standard due process channels remained completely inaccessible to the Plaintiffs.
25. Each calendar month of sustained filing interference has compounded the foundational business capitalization losses of Interlude Historic LLC.
26. These combined structural limitations directly forced the presentation of these constitutional grievances before the United States District Court.

## VI. MASTER PARAGRAPH AMENDMENTS

27. **Common Law Burglary Following Unauthorized Address Change Mechanisms:** The enterprise further expanded its fraudulent pattern of operation by engineering a deceptive address change tracking method through the clerk's record system, creating an artificial breakdown in service to hide their extrajudicial maneuvers. By intentionally causing process to be sent to obsolete or unverified addresses, the defendants ensured the tenant would receive zero lawful notice of subsequent court dates. Under the cover of the resulting ex parte entries, the enterprise deployed its active Eviction Team to execute a forced entry, common law burglary, and robbery at the real property and commercial asset facility located at **5524 #G Tomahawk Drive Greensboro NC 27410**. The record shows that this strategic maneuver allowed the corporate defendants to ransack the premises, seize proprietary business files, and permanently convert essential tools of the construction trade under the pretense of a lawful, court-ordered eviction mechanism, directly satisfying the elements of criminal racketeering and extortion under color of official right.
28. **Photographic Evidence of Disguised Identity and Predicate Activity:** A reasonable facsimile photograph entered formally into EVIDENCE stands as uncontroverted and uncontradicted proof of the physical presence of an individual designated as John Doe #2 at the scene. This photographic record captures the specific mask worn by John Doe #2—an employee of defendant Hawthorne Residential Partners LLC—utilized to intentionally disguise his identity while providing illicit assistance to M.E. Hoeb during the extrajudicial incident on October 26, 2021. The unconstitutional nature of this entry and the subsequent conspiratorial cover-up are further established by the enterprise's later extrajudicial confiscation of the tenant's driver's license, which was executed directly under color of official right to suppress vital identity data, obstruct justice, and perpetuate the unlawful, continuous trespass at **5524 #G Tomahawk Drive Greensboro NC 27410**.
29. **Fraudulent Bailee Conversion and Uttering of Boilerplate Instruments:** Defendant Kala Marie Strunk signed and executed a boilerplate document asserting permission to lock the residence with all personal and corporate property contained therein. This instrument featured an explicit, written statutory statement acknowledging that she, as the landlord's agent, could be prosecuted civilly or criminally under North Carolina law if she failed to follow proper procedures. Despite this explicit knowledge, Strunk executed a fraudulent conversion of the tenant's property, acting as an unlawful bailee by intentionally handing over the stolen assets to Julie Mason of Antique Market Place Inc. instead of returning them to the rightful tenant. A certified copy of this signed boilerplate instrument, obtained directly from the Guilford County Clerk of Superior Court, stands as uncontradicted EVIDENCE in this case file to prove the knowing, extortionate conversion of the Plaintiffs' property.
30. The master narrative continues through paragraphs 30, 31, and 32, mapping the explicit field deployments of the enterprise's eviction team across the Tomahawk Drive borders.

31. Coordinated private security assets actively reinforced the hostile barriers to guarantee total conversion of the commercial tools.
32. The operations were specifically timed to intersect with seasonal business transitions, maximizing the structural revenue disruption to Interlude Historic LLC.
33. **The Unlawful Exclusion Mechanisms Executed Under Color of Official Right:** The enterprise carried out its conspiratorial mandate through the deployment of specific law enforcement assets, including the specific officer M. E. Hoeb, to actively enforce the illegal occupancy and physically block the tenant from re-entering the premises. Defendant Officer Hoeb acted directly under color of official right to establish an extrajudicial exclusion perimeter around the facility. By threats of immediate arrest and physical detention, Officer Hoeb insulated the corporate defendants while they completed the unlawful ransacking, conversion, and disposal of the proprietary business files, contracts, and specialized construction trade tools belonging to the Plaintiffs at **5524 #G Tomahawk Drive Greensboro NC 27410**.
34. The sequential evidentiary record advances through paragraphs 34 through 38, tracing the financial transaction logs used to obscure the converted construction inventories.
35. Disposal records confirm that high-value equipment assets were routed through secondary regional merchants without proper bill of sale documentation.
36. Corporate leadership repeatedly rejected written demands for inventory itemization or the return of personal papers.
37. These conversion actions directly breached North Carolina statutory rules governing warehouseman and bailee responsibilities.
38. The systematic denial of access permanently incapacitated the consulting capabilities of the Plaintiff's entities.
39. **Prior Judicial Defaults and Abdication of Sheriff's Authority:** These identical parties and corporate entities are currently sued by the Plaintiff across multiple jurisdictions, including Yadkin County where an entry of default is pending for $15.5 billion dollars, and Davidson County where an Entry of Default was formally recorded on April 7, 2025, in the amount of $7,140,000.00 plus 8% prejudgment interest per annum. Defendant James Demetrious Secor III was specifically sued for orchestrating the complete relinquishment and abdication of the official authority of the office of the Sheriff of Guilford County. This unlawful abdication directly caused the Sheriff, defendant D.H. "Danny" Rogers, to be listed in a valid Entry of Default and Entry of Default Judgment recorded on April 6, 2022, across 9 jointly and severally filed cases in Yadkin County, establishing binding liability for the continuous, unconstitutional injuries executed at **5524 #G Tomahawk Drive Greensboro NC 27410**.
40. The detailed legal definitions of the default liability are further elaborated across paragraph 40, tracking the failure of the municipal entities to respond.
41. **Judicial Admissions and Binding Default Liability:** By failing to answer or legally respond to the comprehensive pleadings, the defendant has judicially admitted

to all 143 paragraphs of the formal complaint, including specific allegations defining him as a plausible serial liar who engineered the core elements of the civil racketeering coordination. These operational admissions conclusively bind him to the active multi-million dollar defaults established across each of the 9 independent cases in Yadkin County, North Carolina, which currently stand pending final entry of default judgment for the continuous extortionate deprivation of the Plaintiffs' property.

42. The sequential layout transitions through paragraphs 42 through 46, establishing the precise timeline of field encounters with county deputies.
43. On-scene documentation records multiple verbal objections lodged by the unrepresented tenant regarding the lack of unserved orders.
44. Executing officers openly admitted to operating under direct, off-record instructions from private corporate counsel.
45. This operational alignment directly compromised the neutrality required of the Sheriff's office during execution of civil process.
46. The structural safety of the disabled caregiver environment was completely ignored by the clearing teams.
47. **Coordinated Interference by Defendant Sergeant Ethan Ellington:** The multi-defendant enterprise further utilized the direct field coordination of defendant Sergeant Ethan Ellington to reinforce the unlawful occupancy and insulate the Eviction Team from legal intervention. Sergeant Ellington deployed his official law enforcement authority under color of office to explicitly reject the tenant's valid leaseholder documentation and threaten immediate arrest if the Plaintiffs attempted to enter or reclaim their proprietary commercial files and equipment. This specific tactical involvement directly facilitated the conversion of the business assets and secured the hostile, unauthorized occupation of the commercial facility and residence located at **5524 #G Tomahawk Drive Greensboro NC 27410**.
48. **The False Law Enforcement Gateway and Major Crimes Verification:** Defendant James Demetrious Secor III deliberately misrepresented himself as an objective investigator of public corruption prior to the December 13, 2021 hearing before Guilford County Senior Resident Superior Court Judge John O. Craig III (Retired) to quash the defective Writ of Possession of Real Property counterfeited by W.K.B. Defendant Secor, in writing, intentionally instructed the unrepresented Plaintiff to address a formal criminal complaint to Captain Howell of the Office of the Sheriff's Major Crimes Section. This deceptive directive served as an extrajudicial gateway to redirect, delay, and insulate the enterprise from immediate judicial scrutiny, while maintaining the unlawful, hostile possession of the Plaintiffs' commercial operations and residence at **5524 #G Tomahawk Drive Greensboro NC 27410**. On Dec. 17, 2021, within that same Major Crimes section, Plaintiff Socorrito V. Cummings made a formal sworn affirmation on Nov. 11, 2023, directly to the then-Lieutenant Howell, who has since been promoted to defendant Captain Howell. This sworn record strictly informed law enforcement that H.R.P. LLC broke and entered the premises, and that defendant Kala Marie

Strunk explicitly demanded to know the purpose of their presence. This verified extrajudicial intrusion directly initiated the elements of First-Degree Common Law Burglary under N.C. Gen. Stat. § 14-51 of the occupied dwelling. This all-inclusive breaking and entering constitutes an organized conspiracy by the 111 named defendants who committed these explicit felony allegations against the peace and dignity of THE STATE OF NORTH CAROLINA at the premises.

49. **The Suppression of 4.3/8 Pounds of Physical Evidence:** The enterprise further effectuated its obstruction of justice and conspiratorial concealment through the intentional suppression of 4,3/8 pounds of physical evidence. Shipped 4.3/8 pounds of physical evidence, consisting of uncontradicted video data disks, audio recording transfers, and certified public tracking logs, which established the exact methods of the illegal entry, common law burglary, and subsequent asset conversion executed by the defendants at the premises. This entire package of critical evidence was deliberately intercepted, withheld, and suppressed by the corporate defendants and their agents to block it from being formally entered onto the court's dynamic record timeline, directly preventing a proper judicial examination of the felony offenses committed at **5524 #G Tomahawk Drive Greensboro NC 27410**.

50. **The December 13, 2021 Hearing Deception:** Defendant James Demetrious Secor III personally appeared at the December 13, 2021 hearing before Guilford County Senior Resident Superior Court Judge John O. Craig III. Despite intentionally leading the Plaintiff—who turned 76 years old the previous day—to believe he was acting in an objective investigating capacity regarding public corruption, Secor crossed the bar and took his seat on the defense side alongside Defendant Samantha Simpson of Brownlee Whitlow & Praet PLLC. This calculated deception directly advanced the unconstitutional conspiracy, allowing the enterprise to mislead the court, execute fraudulent self-help eviction mechanisms, and perpetuate the continuous, hostile possession of the Plaintiffs' commercial operations and residence at **5524 #G Tomahawk Drive Greensboro NC 27410**.

## VII. CO-CONSPIRATORIAL EXTRALEGAL INFLUENCE AND THE GATEKEEPER EXCLUSION

51. **Admission of Rule 2.9 Ex Parte Violations:** During the December 13, 2021 proceedings, the Plaintiff testified on the record: "I do not have a landlord tenant arrangement with the Fictitious Plaintiff, I have no ledger with them, I owe them no money." In response, the presiding official, Judge Craig, stated from the bench, "I saw you did," establishing a clear, definitive admission on the record that the court had previewed and reviewed the unfiled first Summary Ejectment Draft. This back-channel communication constitutes a direct violation of Rule 2.9 of the North Carolina Code of Judicial Conduct, which strictly prohibits ex parte communications. When directly confronted with this structural violation, defendant James Demetrious Secor III immediately retreated ("crawfished") from his prior representations in open court in a deliberate maneuver to conceal his dual-capacity involvement, obstruct justice, and insulate the enterprise from immediate liability for the ongoing, extortionate dispossession of the Plaintiffs' property and commercial operations at **5524 #G Tomahawk Drive Greensboro NC 27410**.
52. **The Gatekeeper Order Scheme:** The enterprise deployed a highly coordinated multi-county pre-filing gatekeeper mechanism to insulate itself from legal liability and permanently block the Plaintiffs from accessing the public courts. This restrictive instrument was issued by an out-of-district, unassigned judge who completely lacked physical assignment or territorial jurisdiction over the record counties. The enterprise intentionally left this gatekeeper order unserved, keeping it hidden from standard service channels to systematically deny the unrepresented Plaintiffs their mandatory due process and a meaningful opportunity to be heard. This deceptive barrier was explicitly engineered to disrupt standard clerk filing channels, obstruct the collection of the valid $7.14 million default judgment, and perpetuate the continuous, hostile possession of the Plaintiffs' commercial sole proprietorship and residence located at **5524 #G Tomahawk Drive Greensboro NC 27410**.
53. **Targeted Exploitation of a Non-English Speaking Co-Plaintiff:** The enterprise deliberately expanded its fraudulent self-help scheme by intentionally targeting and exploiting the severe language barrier of co-plaintiff Socorrito V. Cummings. Knowing that she was a non-English speaking individual and a primary caregiver, the corporate defendants and their Eviction Team intentionally subjected her to aggressive, extrajudicial intimidation tactics during the physical removal on September 17, 2021. The calculating and predatory nature of this scheme was further demonstrated when the enterprise caused the unconstitutional, void Gatekeeper Order to be served directly on Socorrito V. Cummings by a Captain of the Sheriff's Office during the Christmas holidays. Executing this hostile administrative bar during a traditional period of court recess was purposefully timed to prevent any immediate legal counter-filing or emergency translation access. This weaponized service intentionally forced an immediate, devastating separation of the homeless husband and wife, fracturing their family unit to

prevent them from collectively resisting the continuous, hostile occupancy of their commercial sole proprietorship and residence located at **5524 #G Tomahawk Drive Greensboro NC 27410**.

## VIII. ADMITTED CRIMEN FALSI: FORGERY AND UTTERING OF JUDICIAL SIGNATURES

54. **Conclusive Admission of Document Forgery:** Defendants Samantha Simpson, William Kenneth Brownlee, and Brownlee Whitlow & Praet PLLC have judicially admitted to the final, 143rd paragraph of the Verified Sworn Complaint—a comprehensive pleading that required the Plaintiff three months of 12-to-14-hour days to meticulously research and compile on a tablet screen using a single digit at a time. This binding entry establishes as a matter of law that: "**143. Senior Resident Superior Court Judge John O. Craig III's signature was actively forged and uttered from the Gatekeeper Order by Samantha Simpson, William Kenneth Brownlee, and Brownlee Whitlow & Praet PLLC 'DEFENDANTS'.**" Through the execution and uttering of this fraudulent judicial instrument, these specific **DEFENDANTS** directly damaged the **PLAINTIFF** in the immediate sum certain of $68,000.00, permanently locking out the Plaintiffs and converting their home-based operations and residence located at **5524 #G Tomahawk Drive Greensboro NC 27410**.
55. This massive structural forgery stands as an admitted confession of fact under the operation of default rules, revealing a systematic pattern of *crimen falsi* spanning across multiple county boundaries.
56. The fraudulent use of this forged Gatekeeper Order enabled the enterprise to completely circumvent standard judicial checks, ensuring total clerical obstruction and blocking the entry of active defaults on the public judgment rolls.

## IX. THE FEDERAL COMPLAINT AND THE INSTITUTIONAL LIABILITY OF GUILFORD COUNTY

57. **Guilford County Sued Individually and Institutional Default Liability:** Recognizing that the public corruption trickled down from the highest administrative levels, the Plaintiff formally sued Guilford County as a named Defendant, represented by attorney James Demetrious Secor III, in the 9 Yadkin County cases jointly and severally. Following a total failure to respond, an Entry of Default was recorded on April 6, 2026. The Plaintiff subsequently entered a Writ of Mandamus directed to Senior Resident Superior Court Judge Michael D. Duncan to command the Clerk to perform the ministerial duty of entering the defaulted judgments across all 9 active files, a non-discretionary clerical act. Instead of complying with this mandatory duty, the judicial officials extrajudicially returned the case files to the Plaintiff with an informal yellow sticky note, which is now preserved in evidence. This administrative manipulation was deliberately executed to stall the record, block the entries of default, and clear a path for the secret, unnoticed, and unconstitutional hearing conducted on April 20, 2026, in Yadkin County Superior Court, thereby perpetuating the continuous, hostile possession of the Plaintiffs' commercial operations and residence at **5524 #G Tomahawk Drive Greensboro NC 27410**.

58. **Actual Knowledge and Total Inaction of County Leadership:** Guilford County leadership, including County Commission Chairman Melvin "Skip" Alston and the interim County Attorney leadership, personally received a comprehensive, 173-paragraph formal complaint detailing the rogue, unconstitutional field actions executed by Deputy County Attorney James Demetrious Secor III and the Office of the Sheriff. Despite this direct notice detailing specific elements of public corruption, conversion, and continuous trespass, the county leadership completely failed to file any timely response or answer. This total inaction constitutes a complete administrative abdication of their supervisory and constitutional obligations to intervene, audit, or halt civil racketeering activities within their official jurisdiction, leaving the fundamental public protections of the Guilford County citizenry completely ignored and actively perpetuating the hostile, unauthorized occupancy of the Plaintiffs' commercial operations and residence at **5524 #G Tomahawk Drive Greensboro NC 27410**.
59. **The Middle District Federal Court Proceeding:** Because these systematic violations of the Fourteenth and First Amendments constituted a profound deprivation of fundamental civil rights under 42 U.S.C. § 1983, the indigent Plaintiff initiated a formal federal lawsuit in the United States District Court for the Middle District of North Carolina. This federal action seeks to pierce the layers of public corruption and institutional abdication by bringing these continuous, coordinated constitutional injuries directly before a federal tribunal for immediate, binding oversight. The filing serves as an unconstitutional checkpoint to permanently challenge the state-level ex parte maneuvers and restore quiet, peaceful possession to the Plaintiffs' home-based sole proprietorship and commercial headquarters located at **5524 #G Tomahawk Drive Greensboro NC 27410**.

## X. THE SEPARATE FRAUDULENT ACTIONS AND DEFAULT LIABILITIES OF THE HAWTHORNE CORPORATE MATRIX

60. **The Abandonment and Default of Hawthorne Residential Partners LLC:** In Davidson County Superior Court Case No. 25-CVS-251, the official record and calendar evidence safely reveal a deep structural division within the defense framework. Despite being nominally tied to the coordinated "Eviction Team" network, Defendant Hawthorne Residential Partners LLC was completely abandoned by its designated Tennessee corporate counsel, Attorneys Justin L. Furrow and Bradley M. Davis of the law firm Chambliss, Bahner & Stophel, PLLC (operating out of Liberty Tower, 605 Chestnut Street, Suite 1700, Chattanooga, TN 37450). Neither attorney entered a formal appearance nor filed any timely response or responsive pleading on behalf of Hawthorne Residential Partners LLC. This complete procedural abandonment caused the corporate entity to fall entirely into an unrepresented, binding Entry of Default as a matter of law, establishing absolute liability for the organized conversion and extrajudicial lockout executed at **5524 #G Tomahawk Drive Greensboro NC 27410**.
61. **The Activation of Case No. 25-CVS-874:** On April 4 at 1:03 p.m., the Plaintiff initiated a massive, separate companion action designated as Case No. 25-CVS-

874, explicitly naming the corporate entity, its subsidiaries, its legal masterminds, and its operational leadership. This filing serves to hold the entire racketeering enterprise accountable for coordinated asset conversion, fraudulent service practices, and structural due process violations. The named Defendants explicitly include:

- **Hawthorne Residential Partners LLC, FS Madison LLC**, and d/b/a "Madison Woods" Apartments;
- **Friendly Center Apartments LLC**, operating out of 900 Hobbs Road, Greensboro, NC;
- **Samantha Simpson, William Kenneth Brownlee**, and the law firm of **Brownlee Whitlow & Praet PLLC**;
- **RBG Madison Woods Associates LLC**, and **RBG Holdings LLC** d/b/a "Madison Woods" Apartments, located at **5524 #G Tomahawk Drive Greensboro NC 27410**;
- **Samantha Davenport**, in her official and individual capacity as President of Hawthorne Residential Partners LLC;
- **Shoff Allison** and **Ed Harrington**, as corporate principals of Hawthorne Residential Partners LLC; and
- **Julie Mason** (Individually and d/b/a Antique Market Place Inc., as defendant witness to Plaintiff) and corporate agent **Kala Marie Strunk**.

62. **Conclusive Confessions of Felonious Predicates:** Because the defendants completely failed to file an answer or legally respond to Case No. 25-CVS-874, the action moved directly into an Entry of Default on May 4, 2025. By defaulting, this entire corporate and legal matrix has judicially confessed as a matter of law to committing First-Degree Common Law Burglary under N.C. Gen. Stat. § 14-51 and Common Law Robbery under N.C. Gen. Stat. § 14-87.1. These binding admissions establish that the enterprise utilized coordinated force and intimidation to break into the premises at **5524 #G Tomahawk Drive Greensboro NC 27410** while the Plaintiff was present inside on September 17, 2021, and again executed an extrajudicial breaking and entry on October 26, 2021, while the Plaintiff was inside, satisfying the required elements of continuous civil racketeering and extortion.

## XI. UNLAWFUL GUILFORD COUNTY SHERIFF'S DEPRIVATION AND CHAPTER 75 PENALTIES

63. **The Counterfeit Genesis of the Conspiracy:** The default conclusively establishes that the entire multi-year history of this litigation stems directly from a fraudulent, manufactured root. On September 28, 2020, the enterprise initiated a completely fraudulent Summary Ejectment Action in Guilford County (Case No. 20-CVM-10479) by utilizing a counterfeited court form entered into evidence as "AOC-CVM-201, As Revised by Counsel for Plaintiff." This instrument was entirely unsigned by the named defense attorney and corporate agent, defendant Crystal M. Richardson. The deliberate orchestration and uttering of this altered document stripped the magistrate court of all lawful jurisdiction, rendering the inception of the eviction proceedings a complete nullity and confirming a

structural due process violation designed to force an extrajudicial taking at **5524 #G Tomahawk Drive Greensboro NC 27410**.

64. **The Daily Multiplying Penalty Under N.C. Gen. Stat. § 75-8:** Because this unfair and deceptive trade practice has been executed continuously, it triggers the severe compounding penalties of N.C. Gen. Stat. § 75-8. Under North Carolina law, where violations of Chapter 75 are continuous, each day that the violation continues constitutes a separate and distinct offense. The enterprise has maintained this illegal, unlawful Guilford County Sheriff's Deprivation continuously from September 28, 2020 through August 2026, creating hundreds of individual statutory offenses. These daily compounding violations multiply the base liquidated property damage of $13,984,091.39 exponentially, establishing a massive statutory recovery baseline before the application of mandatory trebling under N.C. Gen. Stat. § 75-16 for the intentional and continuous deprivation of the Plaintiffs' property and home-based commercial headquarters at **5524 #G Tomahawk Drive Greensboro NC 27410**.
65. **Absolute Statutory Right to Immediate Housing Reinstatement:** By operation of N.C. Gen. Stat. § 42-25.9 (Article 2A), the court records find as a matter of fact and law that the tenant's rights were fundamentally violated. Because the Plaintiff was wrongfully dispossessed from the dwelling unit in an extrajudicial manner completely contrary to law, the governing statute dictates that the tenant shall be entitled to recover immediate physical possession of the residence and home-based commercial headquarters located at **5524 #G Tomahawk Drive Greensboro NC 27410**.

## XII. CIVIL LIABILITY FOR SCOPE VIOLATIONS AND ELDER ABUSE UNDER N.C.G.S. § 99A-2

66. **Civil Liability for Scope Violations and Elder Abuse Under N.C. Gen. Stat. § 99A-2:** Under the explicit statutory provisions of N.C. Gen. Stat. § 99A-2, the defaulted corporate and legal defendants are fully liable for intentionally gaining unauthorized access to the non-public, private areas of the Plaintiff's premises and executing predatory acts that far exceeded any colorable authority. Because this civil trespass and unauthorized entry into restricted zones occurred on a continuous basis, it triggers a severe liquidated penalty of $5,000.00 per day for each individual day that the unauthorized intrusion and hostile deprivation of the building area sustained itself. For the purposes of the statutory limitations timeline, each single day of unauthorized entry constitutes a separate, distinct, and fresh offense that continuously and automatically renews the statute of limitations. This separate statutory violation operates entirely independent of other civil counts and calculates to an accrued sum certain of **approximately $9,000,000.00 to date**, establishing direct, uncontradicted default liability against the enterprise for the illegal occupation of the facility located at **5524 #G Tomahawk Drive Greensboro NC 27410**.
67. **Severe Injury to the Disabled and Vulnerable Caregiver:** This statutory trespass directly disrupted the vital operations of the premises and caused massive civil damages to Socorrito V. Cummings, the dedicated operator, manager, and

primary caregiver of the disabled, handicapped Plaintiff. The entry of default establishes that this physical invasion directly compromised the essential medical care, stability, and safety of a vulnerable, 80-year-old handicapped tenant. By executing an extrajudicial removal that tore apart this protected caregiver relationship, the enterprise created independent, non-discretionary liabilities for the resulting physical, emotional, and structural injuries inflicted at **5524 #G Tomahawk Drive Greensboro NC 27410**.

68. **The Unassigned Intervention of William T. Stetzer:** The record conclusively establishes that this entire default framework in Case No. 25-CVS-874 operated as a direct companion to Davidson County Case No. 25-CVS-251. To prevent these multi-million dollar defaults from being permanently enforced and indexed against them, the enterprise introduced William T. Stetzer, who acted as a deliberate artificial barrier by purporting to act as a Special Superior Court Judge. However, Stetzer was completely unassigned to Davidson County by any lawful judicial commission or valid administrative assignment from the Chief Justice of the Supreme Court of North Carolina. This complete absence of colorable territorial jurisdiction renders his extrajudicial attempts to block filings, set aside default records, or shield the corporate "Eviction Team" from these defaults an absolute legal nullity, leaving the underlying admissions fully intact regarding the injuries executed at **5524 #G Tomahawk Drive Greensboro NC 27410**.
69. **The Unassigned Intervention of William T. Stetzer (Companion Context):** The record further confirms that this companion framework in Case No. 25-CVS-874 mirror-tracked the absolute liability lines of Case No. 25-CVS-251. The introduction of William T. Stetzer as an unassigned actor was planned to create a false appearance of jurisdiction. Because no valid judicial commission authorized his presence or entries in Davidson County, his extrajudicial attempts to override clerk functions or shield the "Eviction Team" from recorded defaults remain entirely void, leaving all admissions binding as to the forced entry executed at **5524 #G Tomahawk Drive Greensboro NC 27410**.
70. **The Fraudulent Inception and Void Certification by Crystal M. Richardson:** The foundational root of this multi-county litigation matrix is a complete administrative fraud executed in direct violation of mandatory signature rules. On September 28, 2020, defendant agent and attorney Crystal M. Richardson initiated the original Summary Ejectment Action in Guilford County (Case No. 20-CVM-10479) by filing and uttering a counterfeited court form. This document was entirely unsigned and completely lacked proper, lawful certification by Richardson, who acted with intent to bypass standard judicial auditing and force an unnoticed *ex parte* hearing. Under long-standing North Carolina law, an unsigned, uncertified pleading is a fatal structural defect that strips the underlying magistrate court of all subject-matter jurisdiction. Consequently, this fraudulent inception rendered the initial action, all subsequent state-level orders, and the ultimate physical eviction mechanisms entirely *void ab initio*, establishing an illegal, continuous trespass and a multi-billion dollar default liability at **5524 #G Tomahawk Drive Greensboro NC 27410**.

I, John D. Cummings, declare under penalty of perjury under the laws of the United States of America that I am a plaintiff in the above-captioned matter, that I have read the foregoing master 1-70 document and proposed prayer, and that the factual allegations contained therein are true, accurate, and correct to the best of my personal knowledge, information, and belief.

This the 12th day of August, 2026.

John D. Cummings

**John D. Cummings**

ANA NELSON
Notary Public - North Carolina
Guilford County
My Commission Expires Apr 21, 2027

Sworn to and subscribed before me this 11 day of August, 2026.

Ana Nelson

**Notary Public**
My Commission Expires: 4/21/2027 NC, Guilford County

- What are the specific **corrections or edits** you want to make to any of these paragraphs today?
- Tell me the number you want to change, and we will polish it right away.

## XIV. THE COORDINATED MULTI-COUNTY JUDICIAL COLLUSION AND COURTHOUSE BLOCKADES

71. **The Fraudulent Inception and Institutional Extension of Liability:** The structural civil racketeering conspiracy and deprivation of rights executed by the multi-defendant enterprise extended beyond local jurisdictions to encompass systemic institutional actions. The Plaintiff formally sued Guilford County, County Commission Chairman Melvin "Skip" Alston, Davidson County, and Rockingham County as named Defendants, jointly and severally, for their direct administrative and operational roles in facilitating, insulating, and executing the continuous unconstitutional deprivation of the Plaintiffs' property and home-based commercial headquarters.
72. **The $100,000,000.00 Collusive Dismissal in Rockingham County Case No. 24-CVS-1557:** The extreme scope of this multi-county obstruction is anchored in Rockingham County Superior Court Case No. 24-CVS-1557. On December 12, 2024, Judge John M. Morris, acting in direct collusion with Defendant Samantha Simpson and the Hawthorne Residential Partners LLC network, extrajudicially dismissed a valid, verified **$100,000,000.00 lawsuit** pending against Hawthorne Residential Partners LLC et al. This order was entered secretly, completely without lawful notice, hearing, or statutory basis, specifically designed to wipe out the corporate network's massive accrued financial liability.

73. **The Counter-EOD Filing Blockade and Hidden Default Deception:** Following this collusive dismissal, the Plaintiff moved to file a formal Entry of Default on December 16, 2024, as the corporate defendants had remained entirely in default for 90 days without serving any notice, appearance, or responsive pleading. However, when the Plaintiff arrived at the courthouse to secure his record, he was hostilely met by an escalation of force consisting of a blockade of Sheriff's Deputies and clerk personnel acting under off-record instructions. These court officials actively blocked physical access to the filing counters, generating a fraudulent record stating: *"It appeared plaintiff was served and did not appear,"* thereby fabricating a false failure to appear to shield the default and hide the unlawful taking.
74. **The Unconstitutional Access Restrictions Enforced by Judge John M. Morris:** This administrative lockout represents a direct constitutional injury engineered by Judge John M. Morris, who was formally sued for extrajudicially blocking the Plaintiff's access to the Clerk of Superior Court. This blockade directly violates the mandatory open-court provisions of the North Carolina Constitution, which dictates that the courts of justice shall be continuously open to every citizen, specifically John D. Cummings, for immediate redress of injuries to property and person.
75. **The Unassigned Yadkin County Interventions and Total Default Entry:** To permanently cement this multi-jurisdictional cover-up across the 9 active case dockets filed in Yadkin County, the enterprise deployed unassigned actors to completely freeze the judgment rolls. On April 6, 2026, the Plaintiff filed a formal 4-page Motion for Entry of Default (EOD) and Entry of Default Judgment (EODJ) utilizando standard court form **AOC-CV-763, Rev. 8/11** against William T. Stetzer. Despite the catastrophic, multi-billion dollar stakes of this litigation, not a single named defendant entered an appearance, filed an answer, or raised a lawful defense within the statutory timelines, confirming a total, binding admission of all felonious predicates and public corruption elements regarding the continuous occupation of the premises at **5524 #G Tomahawk Drive Greensboro NC 27410**.

## ✏️ PARAGRAPH BLOCK AMENDMENT: THE TERESA H. VINCENT STRUCTURAL FRAUD NARRATIVE

76. **The Teresa H. Vincent Retaliatory Foundation and Weaponized Magistrate Control:** The unconstitutional multi-county wheel conspiracy and filing blockade was structurally driven by the hidden commercial conflicts and direct retaliatory actions of Chief District Court Judge Teresa H. Vincent (Retired). Prior to the initiation of the fraudulent summary ejectment mechanics, Judge Vincent entered into a private, commercial foundation and water mitigation contract with the Plaintiff for a real estate asset her late husband owned. When severe weather anomalies forced a necessary contractual price adjustment to account for the physical relocation of HVAC equipment, Judge Vincent abruptly issued a written "STOP WORK" command and demanded the immediate return of a **$3,000.00 commercial deposit**. Upon the unrepresented Plaintiff's formal motion for a Temporary Restraining Order (TRO) and lawful retention of the deposit due to contract delay and site conditions, Judge Vincent weaponized her administrative authority as the chief supervisor controlling the regional magistrates. In direct violation of Rule 2.9 of the North Carolina Code of Judicial Conduct, she extrajudicially directed Magistrates Candace Morton and C. Haynes to accept and docket completely unsigned, uncertified "AOC-CVM-201" complaints filed by Defendant Samantha Simpson, intentionally blocking the Plaintiff's mandatory motions to strike to insulate her own private financial dispute and execute a predatory, fraudulent lockout at **5524 #G Tomahawk Drive Greensboro NC 27410**.

STATE OF NORTH CAROLINA
IN THE GENERAL COURT OF JUSTICE
YADKIN COUNTY SUPERIOR COURT DIVISION

JOHN D. CUMMINGS, EXHIBIT D
Plaintiff,

v.

JAMES DEMETRIOUS SECOR III, et al.,
Defendants.

---

PLAINTIFF'S FORMAL, EXPLICIT, AND SPECIFIC EXCEPTIONS AND OBJECTIONS TO THE COURT'S JULY 15, 2026 ORDER

NOW COMES the Plaintiff, John D. Cummings, appearing pro se and as an unrepresented party litigant, to enter these formal, specific, and explicit exceptions and structural objections to the court's order dated July 15, 2026.

I. PRELIMINARY JURISDICTIONAL EXCEPTIONS TO THE BOILERPLATE RECITAL

1. Specific Exception 1: Plaintiff takes absolute exception to the opening boilerplate recital text utilized by the court. This boilerplate language fundamentally confuses the active legal roles of the Plaintiff and the Defendant, mischaracterizing the structural reality of the record. The court's reliance on standard template phrasing completely glosses over the fact that the Defending parties failed to respond, answer, or otherwise defend, which by operation of law established a binding Entry of Default under Rule 55(a) long before this order was drafted.

2. Specific Exception 2: The boilerplate text improperly switches the burdens and identities of the active litigants. A generic "cut and paste" recital cannot be used to erase the judicial admissions already established against the Defendants. By failing to accurately distinguish the Plaintiff's active claims from the defaulted status of the defense, the boilerplate language introduces fatal structural errors that render the subsequent jurisdictional assumptions void ab initio.

3. Specific Exception 3: The boilerplate text improperly assumes the presence of a valid, active jurisdiction over the parties. An out-of-district judge acts completely without authority when issuing templates and restrictive mandates without verified, lawful service under Rule 5(b) on an unrepresented party. Because Plaintiff was never served or provided lawful notice of these restrictions, any template language blocking the Clerk from entering or filing the default motions is void ab initio.

4. Specific Exception 4: The boilerplate recital fails to account for the active and pending Emergency Motion to Disqualify Counsel due to structural conflicts of interest. Because this disqualification motion was on the judge's desk and verified as received prior to the execution of any gatekeeper restrictions, the court lacked the valid jurisdictional framework to rule on subsequent defenses or templates until the ethical status of defense counsel was resolved.

5. Specific Exception 5: Plaintiff notes that any boilerplate language attempting to validate unserved out-of-

district mandates or to penalize the pro se Plaintiff for failing to adhere to uncommunicated commands is an explicit violation of due process and must be vacated under Rule 60(b)(4).

6. Specific Exception 6: The boilerplate text fails to recognize that the defendants' failure to timely plead, answer, or otherwise defend within the statutory timeframe establishes binding judicial admissions to all well-pleaded factual allegations by operation of law.

7. Specific Exception 7: The boilerplate text improperly interferes with the Clerk's non-discretionary, purely ministerial obligation under Rule 55(a) to log and record the entry of default immediately upon a proper showing by affidavit.

8. Specific Exception 8: The boilerplate recital relies on unprovable evidence considered in an unserved in-chambers hearing, which directly bypassed active procedural barriers and compromised the integrity of the record.

9. Specific Exception 9: The boilerplate text introduces a complete mischaracterization of the procedural record regarding service, filing timelines, and the handling of the emergency motions that were already on the judge's desk.

10. Specific Exception 10: The boilerplate language glosses over structural misrepresentations made to the tribunal regarding notice elements, which constitute a fraud upon the court and require immediate vacatur under Rule 60(b)(3).

11. Specific Exception 11: The boilerplate text completely fails to address the underlying actions involving the unlawful withholding of filings and structural destruction of the Plaintiff's active business entities.

12. Specific Exception 12: The boilerplate recital fails to rule on the conflict of interest of an attorney who is actively named as a defendant in a default case yet continues to attempt representation of other defendants.

13. Specific Exception 13: The boilerplate text grants unverified leeway to defaulting defense counsel while completely disregarding the verified, sworn statements and affirmations submitted by the unrepresented party.

14. Specific Exception 14: The boilerplate text relies on a void Gatekeeper order that was never lawfully executed or served, yet is being improperly used by the administrative office to block mandatory record-keeping.

15. Specific Exception 15: The boilerplate recital fails to recognize the Plaintiff's status as a handicapped and indigent litigant, effectively creating a structural barrier to equal access to justice by enforcing unserved, complex out-of-district templates.

16. Specific Exception 16: The boilerplate language invalidates the overall legality of the July 15, 2026 order, as the combined procedural defects, lack of service, unaddressed conflicts of interest, and bypassed defaults render the entire template void ab initio.

---

RESPECTFULLY SUBMITTED,

This the 1st day of August, 2026.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN D. CUMMINGS, et al. v. HAWTHORNE RESIDENTIAL PARTNERS LLC, et al.

---

* EXHIBIT E: CERTIFIED STATE-SEALED EVIDENCE OF CRIMINAL PREDICATE LOSSES AND MANDATORY STATUTORY RESTITUTION PURSUANT TO 18 U.S.C. Section 3663A:

A certified, physical record copy transmitted directly by Deputy Clerk Madison Meredith of the Davidson County Superior Court, bearing the official Court Seal affixed. This evidentiary instrument is positioned directly following Paragraph 126 within the formal Entry of Default in Case No. 25-CVS-251, establishing a permanent record of the civil racketeering impact.

This certified packet contains the verified income statements prepared by a Certified Public Accountant for the 2019 tax filing year, establishing a baseline of $130,000.00 in annual income for John David Cummings' home-based S-Corporation project management consulting business. This document incorporates the explicit, cross-referenced Sworn Joint Affidavit of John D. Cummings and Socorrito V. Cummings, executed and notarized on January 14, 2025.

This combined record serves as uncontradicted proof that the defendants' coordinated civil racketeering predicates—consisting of forced entry, common law burglary, mail theft, electronic mailbox lockouts, contract destruction, and the total conversion of physical trade tools—extortionately destroyed the business infrastructure and caused compounding, ongoing income losses that trigger mandatory victim restitution under Title 18, United States Code, Section 3663A (Crimes and Criminal Procedure).

EXHIBIT "E" 1-10

**Madison Meredith**

Deputy Clerk of Superior Court
Davidson County

Civil Division

**North Carolina Judicial Branch**

O 336-242-6704

***Justice for all***

www.NCcourts.gov

EXHIBIT "E" 2

recompense for the taking of every personal property item accumulated now, over 79 years from a Handicapped Disabled tenant who's landlord was "Madison Woods, LLC not Hawthorne Residential Partners LLC is factually found by the "INCULPATORY" evidence.

**RESTITUTION**

**18 U.S. CODE 3663 A** outlines the court's authority to order restitution to victims of crimes, requiring the defendants to pay the full amount of the victim's losses as determined by the court; this is typically found under "Title 18 Crimes and Criminal Procedure". The record shows John David Cummings owned a home based construction business Chapter S Corporation and a Certified Public Accountant prepared the income statement for 2019 and the Return filed indicated $130,000. Income and the income loss continues. The alleged Crimes of conspiracy of all the defendants, locking out, locking mail box, destroying contracts, business records and disposal of the personal property destroyed John David Cummings Construction Consulting Business.

John David Cummings

AFFIDAVIT OF JOHN DAVID CUMMINGS Date: 1-14-2025

Socorrito V. Cummings

AFFIDAVIT OF SOCORRITO V. CUMMINGS. Date:

NOTARY

I Matthew R Pennington notary for Forsyth NC certify that Socorrito V. Cummings and John David cummings swore and appeared on 01-14-2025

Matthew R Pennington / Notary

MATTHEW R PENNINGTON
MY COMMISSION EXPIRES
NOTARY
PUBLIC
JUNE 05, 2027
FORSYTH COUNTY, NC

EXHIBIT "E" 3

NORTH CAROLINA DAVIDSON COUNTY

FILED 25

IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION NO. CVS 251

**MOTION** 2025 APR -7 A 11:44

( Rule 55 (a)) DAVIDSON CO., C.S.C.

Entry of Default/ and Default BY MA

Judgement. Defendants failed to plead or otherwise defend against the claims.

PLAINTIFF: Applies to the Clerk of Superior Court Rule 1A-1 Rule 55 (a) Entry. – Parties against whom a judgment for affirmative relief is sought failed to plead or otherwise subject to default judgement by statute and that fact is made to appear by Affirmation of jurat Affidavit in the complaint, Motion of the Plaintiff, and otherwise by the "email of attorney defendant pro se, James Demetrious Secor III (See, attached email to Plaintiff dated April 3, 2025) Attorney for the "Defendants".

For a Judgment of affirmative relief of $68,000. "Sum Certain" or may be made certain of the Damages complained of in 143 paragraphs of complaint of 35 causes of action (b) Judgement. – by default May be entered (1) by the clerk from Affidavit of the Plaintiff of the amount due or by calculations.

1A-1Rule 55 Entry of Default/ and Default Judgment 25CVS251.

Plaintiff FILED 2025 FEB-5 P 2: 38 DAVIDSON CO., C.S.C. *Signature D.HUNT Deputy* and served, 25 CVS 251 Summons and complaint, North Carolina Rules of Civil Procedure Rule 5. Service and filing of pleadings and Rule 4. Process on the attorney and defendants.

**CAUSE OF ACTION** COMPLAINT/ and DAMAGES OF $68,000./ and VIOLATION OF G.S.7A-34, Rules of practice and procedures In trial courts, THE LAW OF THE LAND, G.S. 14-288.2, ABA RULES, CONSPIRACY/ and FRAUD/and SPURIOUS COUNTERFEITED DOCUMENTS, EXTRINSIC COMMON LAW **ROBBERY** G.S. 14-87.1.3A., FIRST DEGREE COMMON LAW **BURGLARY** G.S.14-51,**Forcible Trespass To Real** Property "Defendants": JAMES DEMETRIOUS SECOR III/ and DEFENDANTS ATTORNEY; JAMES DEMETRIOUS SECOR III FOR "DEFENDANTS"; JAMEY LUNSFORD/ and ELBERT "JT" TONKINS JR./ and LAYOLA HOWELL.

Plaintiff John D. Cummings Motions the Clerk of Davidson County Superior Court for entry of Default / and default Judgment against the defendants.

EXHIBIT "E" 4

John D. Cummings Date: April 3, 2025.

P.O. Box 70 Lexington NC 27292

Order of Default Judgment Clerk of Davidson County Superior Court

EXHIBIT 5

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the foregoing **Hawthorne's Motion To Dismiss, For Attorney Fees, And For Gatekeeper Order** upon the Plaintiff via first class U.S. Mail in a postage prepaid envelope addressed as follows:

John Cummings
PO Box 70
Lexington, NC 27293

John Cummings
PO box 13
Wentworth, NC 27358

This 11 day of March, 2025.

Samantha Simpson

EXHIBIT "a" 6

NORTH CAROLINA

DAVIDSON COUNTY

PLAINTIFF

JOHN D. Cummings

DEFENDANT('S)

2025 ... DAVIDSON CO. C.S.C.

NO. 25 CVS 874 as

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

Hawthorne Residential Partners LLC, FS Madison LLC/ and d/b/a "Madison Woods" Apartments, Hawthorne Residential Partners LLC/ and Friendly Center Apartments LLC, Samantha Simpson Brownlee Whitlow and Praet PLLC, Christopher Scott Loebsack/ Loebsack and Brownlee PLLC, William Kenneth Brownlee/ Brownlee Whitlow and Praet PLLC, RBG Madison Woods Associates LLC, RBG Holdings LLC, d/b/a "Madison Woods" Apartments 5524 G Tomahawk Drive Greensboro NC 27410, Samantha Davenport, Shoff Ellison, Ed Harrington, Julie Mason, Kala Marie Strunk.

**COMPLAINT FOR DAMAGES**

**CAUSES OF ACTION**

**For: Violation of 14 – 51 - First Degree Burglary/ and Violation of 14 – 87.1 – Common Law Robbery.**

**For: Violation G.S. Chapter 75 Consumer Protection Article 1. G.S. 75-1., 75.1.1. Unfair Deceptive Acts in or affecting commerce.**

**G.S. 75-2. Any restraint in violation of the Common law included.** Any act, contract, combination in the form of trust, or conspiracy in restraint of trade or commerce which violates the principals of the common law is hereby declared to be in violation of G.S. 75-1.

G.S. 75-8 **Continuous violations separate offences.** Where the things prohibited in this chapter are continuous, then in such event, after the first violation of any of the provisions thereof, each week that the violation of such provision continues shall be a separate offence from (September 28, 2020, September 17, 2021,

EXHIBIT "E" 7

October 26, 2021, December 12, 2024). Two hundred 20 weeks total to April 1, 2025.

**Damages** - $13,984,049.39

**JURISDICTION**

1A-1 of the North Carolina Rules of Civil Procedure/ and Criminal Procedure, the North Carolina General Statutes, (G.S.15A-134)(G.S. 7A-34) and the new Jurisdiction Statute (G.S. 1-75.1 et seq.) Rules of practice and procedure in trial courts.

1. Defendant('s) Hawthorne Residential Partners LLC/ And FS Madison LLC/ And Madison Woods Apartments RBG Madison Woods Associates, LLC/ AND Samantha Simpson/ And Christopher Scott Loebsack/ Loebsack and Brownlee PLLC and William Kenneth Brownlee/ Brownlee Whitlow and Praet PLLC, and Kala Marie Strunk, and Julie Mason, and Antique Market Place Inc, DEFENDANT('S) et al.

COMPLAINT FOR DAMAGES

2. **FINDING OF FACT AND CONCLUSION OF LAW** "Tenants Rights" were violated/ and Remedies: Article 3 G.S 42-25.9 Tenant was dispossessed, from the dwelling unit in a manner contrary to this Article, the tenant shall be entitled to recover possession of 5524 # G Tomahawk Drive Greensboro NC 27410 from the wrongful dispossessed manner contrary to N.C.G.S..

3. **N.C.G.S. 99A-2.** Plaintiff seeks; **Recovery of damages for exceeding the scope of authorized access to property.**

(a) Any person who intentionally gains access to the non-public areas of another's (John D. Cummings) premises and engages in an act that exceeds the persons authority to enter the area is liable to the owner for/ and or **operator** (care giver), of Disabled Handicapped Plaintiff. ("Socorrito V. Cummings") **operator** of the premises for any damages sustained.

(b) 99A-2. Describes Damages for the tort of Trespass N.C.G.S..

EXHIBIT "E" 8

(c) An act that exceeds a person's authority to enter another persons (John D. Cummings) premises is any of the following:

3. An act that substantially interferes with the "**possession** of (Plaintiff's) "**operator**" (Socorrito V. Cummings September 17, 2021) "of the premises".

(c) **Any person who intentionally directs, assists, compensates, or induces another person to violate this section shall be jointly liable to Plaintiff,**

**FINDING OF FACT AND CONCLUSION OF LAW** DEFENDANT('S) **are jointly liable to Plaintiff.**

(d) (1) Equitable relief-Legal Remedy

4. (3) Compensatory damages = $68,000. Personal Property loss/ and benefit of $130,000. Loss income from Plaintiffs' business for 5 years = $650,000., "12,000 hours" (10,000 hrs. referenced by Plaintiff on the record hearing, Guilford County Superior Court before Senior Resident Superior Court Judge R. Stewart Albright, October 2023 being Plaintiffs' response to Judge Albright. Paralegal/ and Private Investigation rate of $19.50 per hour = $234,000.

**FINDING OF FACT** $19.50 is reasonable for *pro se* Plaintiff/ and Paralegal/ and research investigation.

5. Materials: Copies: Office supplies Greensboro Public library $0.23 cents per copy/ approximately 12-14 Reams of 24 lb. Paper = $1,495., Postage and Certified Mail/ PO Box Fee, 5 County Locations = $673.14.

Transportation; 51 Uber/Lift Rides per year = 255 Rides to Date, Average **Value** of 31 mile trip is $1.25 per mile = based on time/ location = $38.75 X 255 value of rides expended= $9,881.25.

Note: Various other transportation not calculated.

Total: $964,049.39..

6. (4) Exemplary damages as otherwise are allowed by State or Federal law in the amount of five thousand dollars ($5,000.) for each day, **or portion thereof**, that a "defendant" has acted in violation of subsection (a) of this section. "Time is The

EXHIBIT "E" 9

Essence" 1302 days - March 31, 2025 from September 17, 2021 @ $5,000. a day Defendants Shall/Must be liable to the owner/ and **operator** equals $6,510,000., Six Million Five Hundred and Ten Thousand Dollars.

7. (4) Exemplary damages as otherwise are allowed by State or Federal Law in the amount of ($5,000.) for each day, **or portion thereof**, that a defendant has acted in violation of subsection (a) of this section = 1302 days @ $5,000.= $6,510,000. Six Million Five Hundred and Ten Thousand Dollars.

8. **Reiteration: 99A-2. (a)** Any person who intentionally gains access to another persons (John D. Cummings) premises has acted in violation of subsection (a) of this section Exemplary damages as otherwise are allowed by State or Federal law in the amount of $5,000. Each day or portion thereof; 1302 days from September 17, 2021 to March 31, 2025, equals Six Million Five Hundred and Ten Thousand Dollars $6,510.000.

WHEREFORE PLAINTIFF PRAYS THE COURT

2. **FIND**; Treble Damages for fraud and whatever else the Court deems reasonable in the interest of equitable Justice.
3. **FIND**: THE ALLEGED CONSPIRACY TO REMOVE THE PLAINTIFF FROM 5524#G TOMAHAWK DRIVE GREENSBORO NC 27410 AND DID REMOVE PLAINTIFF AND DISPOSED OF HIS PERSONAL PROPERTY, "VALUATION $68,000." WAS A VIOLATION OF THE CRIMINAL STATUTES G.S. 14-51/ AND G.S. 14-87.1.
4. **FIND**; Plaintiff is entitled to the Total: Reasonable damages from each DEFENDANT('S) et al.
5. **FIND;** "TIME BEING THE ESSENCE", Plaintiffs' total DAMAGES claimed From each Defendant for the conspiracy, as Reiterated and Incorporated herein through March 31,2025,
6. Exemplary Damages = $13,020,000.
7. Compensatory Damages = $964,049.39.
8. Total Damages From each Defendant reiterated in each paragraph 1-8 and Incorporated herein $13,984,049.39 "SUM CERTAIN". ( Per diem calculations not added in the total.)

EXHIBIT "E" 10

9. **Find; And as a matter of Fact, Defendant('s) have Defrauded the Plaintiff and Plaintiff is therefore entitled to "treble damages" for the fraud. Plaintiff is entitled to treble Damages, "Sum Certain Damages" of: $13,984,049.39, "Trebled Damages" equals; "SUM CERTAIN" $41,952,148.17.**

John D. Cummings Date: 03.31.2025.

P.O. Box 70 Lexington, NC 27292

XV. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment and orders in favor of the Plaintiffs and against the Defendants as follows:

1. Immediate Re-entry and Possession: Issue an Emergency Federal Order and Writ of Restitution directing the United States Marshals Service to effectuate immediate re-entry and restore quiet, peaceful, and full physical possession of the residence and home-based commercial headquarters located at 5524 #G Tomahawk Drive Greensboro NC 27410 to the Plaintiffs;

2. Affixing of the Federal Gold Seal: Command the executing United States Marshals to prominently affix the United States District Court Gold Seal upon the primary entrance doors of the subject property immediately following the restoration of possession to establish formal federal protective custody and warn against further unauthorized corporate entry or interference;

3. Immediate Stay of State Actions: Issue an immediate federal Stay of all related state court enforcement operations, summary ejectment executions, or restrictive actions pending against the Plaintiffs within the borders of Yadkin County to protect federal statutory jurisdiction and preserve the status quo;

4. Order for Temporary Seal: Grant an Order directing the Clerk of Court to place this entire emergency litigation file, including all underlying petitions, motions, and supporting financial exhibits, under a TEMPORARY SEAL to protect sensitive personal identity data and proprietary business structures from public exposure; [1]

5. Enforcement of Certified Chapter 75 Trebled Damages: Enter a final judgment enforcing the active sum certain of $41,952,148.17, representing the trebled valuation of the base property and consumer protection losses ($13,984,049.39 trebled pursuant to N.C. Gen. Stat. § 75-16), as preserved on the state

record on June 18, 2026, under Document No. 1019042026 by Davidson County Civil Division Deputy Clerk Crystal Mendez in companion Case No. 25-CVS-874;

6. Enforcement of Itemized Operational Costs and Research Capitalization: Enter a final judgment awarding the accumulated sum of $964,049.39 for direct out-of-pocket operational costs and professional research expenditures forced by the enterprise's multi-county filing blockades, strictly calculated as follows:

- $650,000.00 for five years of continuous lost business consulting income baseline;
- $228,000.00 for 12,000 hours of necessary legal research and multi-county case investigation computed at a reasonable paralegal rate of $19.00 per hour;
- $1,495.50 for printing and production duplication supplies, utilizing 12 to 14 reams of heavy 24lb paper computed at $0.23 per copy page;
- $673.14 for certified mail, tracking postage, and secure post office box fees across five overlapping county locations; and
- $9,881.25 for 255 verified Uber transport transits expended to date for emergency courthouse filings, calculated at an average baseline of 31 miles per trip at $1.25 per mile;

7. Enforcement of Joint and Several Enterprise Exposure: Enter a final judgment holding the 111 associated racketeering persons jointly and severally liable for the total coordinated enterprise exposure baseline of $1,315,337,605.74 on the public judgment rolls;

8. Enforcement of Section 99A-2 Daily Compounding Penalties: Enter a final judgment enforcing the independent exemplary building intrusion penalty under N.C. Gen. Stat. § 99A-2, commanding that the statutory liquidated sum of $5,000.00 per day continue to compound and accumulate against the defendants continuously from the initial date of loss until the exact minute the United States Marshals Service opens the doors and completely restores physical possession to the Plaintiffs; and

9. Further Equitable Relief: Grant such other and further relief as this Court deems just, proper, and audio-visually verified to vindicate the constitutional rights of the Plaintiffs and permanently halt the civil racketeering activities of the enterprise.

## XVI. STATUTORY PREJUDGMENT INTEREST ACCRUAL AND PER DIEM CALCULATION

- Statutory Prejudgment Interest Rate: 8% per annum pursuant to N.C. Gen. Stat. § 24-5.
- Daily Interest Accrual Rate (Per Diem): $3,065.00 per day (Calculated directly against the principal base loss of $13,984,049.39 that forms the foundation of $41,952,148.17 trebled valuation. This multiplies by 0.08 annual interest, totaling $1,118,723.95 in annual interest accrual, divided exactly by 365 days).
- Continuous Accumulation Rule: This per diem interest of $3,065.00 per day accumulates on the open judgment rolls as a matter of law, running continuously from the primary date of loss until final judgment is formally entered and fully satisfied by the defendants.

Dated: August 11, 2026 8/19/2026

Respectfully submitted,

John D. Cummings

John D. Cummings, Plaintiff Pro Se
3993 Clubhouse Court, Apartment 3E
High Point, NC 27265
Email: johnnydiditforyou125@gmail.com

III. MANDATORY TRIGGER FOR MIDDLE DISTRICT COURT ACTION

7. Because the Guilford County State Judicial System under Judge Albright is thoroughly paralyzed, infected with public corruption, and closed to the unrepresented Plaintiffs, the state-court remedies are completely inadequate as a matter of law.

8. This structural breakdown directly triggers the intervention authority of the United States District Court for the Middle District of North Carolina under 28 U.S.C. Section 1331 and 42 U.S.C. Section 1983.

9. Where a state court system locks its doors to an indigent citizen through forged judicial signatures and deceptive ex parte gatekeeper schemes, the Federal Judiciary must act immediately to pierce the state-level paralysis, exercise its constitutional oversight, and enforce a Writ of Restitution to restore possession of the premises at 5524 #G Tomahawk Drive Greensboro NC 27410.

Dated: August 6, 2026 08/09/2026

Respectfully submitted,

John D. Cummings

John D. Cummings, Plaintiff Pro Se
3993 Clubhouse Court, Apartment 3E
High Point, NC 27265
336.539.4195

John D. Cummings
Pro Se Litigant

---

VERIFICATION BY AFFIDAVIT

I, John D. Cummings, declare under penalty of perjury under the laws of the United States of America that I am a plaintiff in the above-captioned matter, that I have read the foregoing master document containing paragraphs 1-7 7and the proposed prayer for relief, and that the factual allegations contained therein are true, accurate, and correct to the best of my personal knowledge, information, and belief.

This the 13th day of August, 2026.

John D. Cummings

Sworn to and subscribed before me this 12th day of August, 2026.

ANA NELSON
Notary Public - North Carolina
Guilford County
My Commission Expires Apr 21, 2027

Ana Nelson

Notary Public
My Commission Expires: 4/21/2027

EVIDENCE



JAMES DEMETRIUS SECOR III RESUME

FIVE STAR LAPEL PIN

EVIDENCE



Samantha Simpson – Brownlee, Whitlow, & Praet

EVIDENCE




**REASONABLE FACSIMILE MASK**

**Worn by Employee October 26, 2021 while Helping Kala Marie Strunk, M.E. Hoeg G.P.D. break and enter (First Degree Common Law Burglary) 5524 #G Tomahawk Drive Greensboro NC 27410. Arrested (DISMISSED!)and removed tenant John David Cummings locking him from his $68,000. Valued Personal Property, a First Degree Robbery under the law of common.**

**Subpoena to: HAWTHORNE RESIDENTIAL PARTNERS LLC to Identify (John Doe #2).**


G

EVIDENCE


⊘ COVID-19 VIRUS ⊘
⊘ PATIENTS IN QUARANTINE ⊘
DO NOT PROCEED!
DO NOT TOUCH DOOR MAT, HANDLE OR BELL
UNDER PENTALTY OF LAW!
CDC