**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| JOHN D. CUMMINGS,<br><br>Plaintiff,<br><br>v.<br><br>HAWTHORNE RESIDENTIAL PARTNERS LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:26CV851 |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1), submitted in conjunction with "Plaintiffs' [sic] Master Formal Exceptions and Emergency Petition for Injunctive Relief under the Hobbs Act and RICO" (Docket Entry 2 (the "Complaint") at 1)[1] and his "Emergency Petition for Injunctive Relief under the Hobbs Act and RICO (Incorporating Formal Exceptions to State Court Order)" (Docket Entry 4 (the "Petition") at 1). The Court will grant the instant Application for the limited purpose of recommending dismissal of this action under 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous.

[1] Pin cites to Plaintiff's filings (in this and earlier cases) refer to page numbers that appear in the footer appended to such filings upon their docketing in the CM/ECF system (not to any original pagination). Quotations from such filings omit all-caps, bold, and enlarged font.

## INTRODUCTION

Plaintiff has engaged in long-running (but unsuccessful) efforts to litigate claims in this Court arising from a landlord-tenant dispute, including against the first Defendant in this case (as shown in the Caption), Hawthorne Residential Partners LLC. See generally Cummings v. Birdseye, No. 1:23CV980, 2024 WL 2157732, at *1 (M.D.N.C. May 14, 2024) (unpublished) (explaining (A) that "Plaintiff initiated th[at] action against at least 104 entities and individuals . . ., including . . . Hawthorne Residential Partners LLC," due to a "break[ing] and enter[ing] by forcible trespass to real property, Plaintiff's apartment, . . . with a forged [and] counterfeited[] writ of possession," and (B) that, "[i]n a prior case, Plaintiff litigated this same basic dispute against a subsection of the [same d]efendants," including by asserting claims "against, inter alia, Hawthorne Residential Partners LLC, . . . for alleged violation of his rights stemming from his eviction" (internal brackets and block quote formatting omitted) (citing Cummings v. Morton, No. 1:21CV716, 2022 WL 18587810, at *1-4 (M.D.N.C. Sept. 28, 2022) (unpublished), judg't entered on other grounds, 2023 WL 1779861 (M.D.N.C. Feb. 6, 2023) (unpublished) (Osteen, J.) (dismissing action without prejudice for failure to prosecute))), recommendation adopted, 2024 WL 3274309 (unpublished) (Osteen, J.) (adopting "recommend[ation] that [said] action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as

frivolous"). This case represents yet another effort in that line. (See, e.g., Docket Entry 2 at 2 ("On the primary date of loss, September 17, 2021, an illegal self-help eviction, forced lockout, and common law robbery were executed by [ D]efendants at [Plaintiff's] residence and commercial workspace . . . [in] Greensboro[, North Carolina]."); Docket Entry 4 at 1 ("petition[ing] this [] Court for an [e]mergency [o]rder for [i]njunctive [r]elief, [including] immediate re-entry, and an [o]rder to [s]tay underlying state court enforcement proceedings" to remedy Plaintiff's alleged "unlawful removal from his dwelling and commercial space on September 17, 2021").)

## DISCUSSION

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at Section 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (italics and internal quotation marks omitted). "Dispensing with filing fees, however, [i]s not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address that problem, Congress mandated (among other things) that "the [C]ourt

shall dismiss [a pauper's] case at any time if the [C]ourt determines that . . . (B) the action . . . (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (explaining that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact"); Nagy, 376 F.3d at 256 ("The word frivolous is inherently elastic and not susceptible to categorical definition." (internal quotation marks omitted)).

That provision of "Section 1915([e]) is aimed at the dismissal of frivolous, malicious, or repetitive lawsuits." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (italics and internal quotation marks omitted); see also id. (concluding that "[t]he district court did not abuse its discretion when it rejected [the plaintiff's] attempt to relitigate [the same] claim"). Plaintiff's prior cases asserted claims for conspiracy and violation of his rights concerning his "[s]ummary [e]jectment from [his] home," Compl., Cummings v. Morton, No. 1:21CV716, Docket Entry 2 at 9 (M.D.N.C. Sept. 15, 2021), and "conspiracy to evict [P]laintiff by summary ejectment," Compl., Cummings v. Birdseye, No. 1:23CV980, Docket Entry 2 at 8 (M.D.N.C. Nov. 15, 2023). Here, the Complaint similarly alleges that "[t]he underlying eviction mechanisms constitute an unconstitutional conspiracy" (Docket Entry 2 at 2; see also, e.g., id. at 4 (referring to "unconstitutional nature of th[e] entry [into Plaintiff's home] and the subsequent

conspiratorial cover-up"), 5 (alleging that "[RICO] enterprise carried out its conspiratorial mandate through the deployment of specific law enforcement assets"), 7 (asserting that court appearance by Defendant James D. Secor III "directly advanced the unconstitutional conspiracy"), 11 (discussing "[c]ounterfeit [g]enesis of the [c]onspiracy"), 14 ("The structural civil racketeering conspiracy and deprivation of rights executed by the multi-defendant enterprise extended beyond local jurisdictions to encompass systemic institutional actions."), 16 ("The unconstitutional multi-county wheel conspiracy and filing blockade was structurally driven by the hidden commercial conflicts and direct retaliatory actions of [a now-retired state judge]."")), making this action "frivolous[ly] . . . repetitive," Morris, 73 F.3d at 1317 (italics and internal quotation marks omitted).

Further, as the preceding quotations from the Complaint show, Plaintiff's RICO claim relies on far-fetched legal conclusions, rather than plausible factual allegations, and thus he has "fail[ed] to establish the necessary elements of a RICO claim," Sealy v. U.S. Bank Nat'l Ass'n, No. 3:20CV431, 2021 WL 1178063, at *3 (W.D.N.C. Mar. 29, 2021) (unpublished); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); Whitney, Bradley & Brown, Inc. v. Kammermann, 436 F. App'x 257, 258 (4th Cir. 2011) ("The Supreme

Court has explained that a civil RICO claim has four essential elements: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." (citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)); Convisser v. Linden House, LLC, No. 3:24CV72, 2025 WL 2932671, at *7 (W.D. Va. Oct. 15, 2025) (unpublished) (describing the plaintiffs' "claims [as] based on a convoluted web of far-fetched and conspiratorial allegations" and ruling that such "sensational and often bizarre allegations do not support any plausible claim to relief"). In sum, the Complaint "alleges in wholly conclusory fashion that[] Defendants violated the [RICO] Act . . . . [Hence, Plaintiff's] purported [RICO] claims should be dismissed as [] frivolous . . . ." El-Bey v. City of Greensboro, No. 1:10CV291, 2010 WL 3242193, at *1 (M.D.N.C. Aug. 16, 2010) (unpublished) (Dixon, M.J.) (internal quotation marks omitted), recommendation adopted as modified in unrelated part, 2011 WL 255719 (M.D.N.C. Jan. 25, 2011) (unpublished) (Tilley, S.J.); see also, e.g., MSP Recovery Claims, Series LLC v. Lundbeck LLC, 130 F.4th 91, 109 (4th Cir. 2025) ("agree[ing]" that "conclusory allegations" are "not enough to state a RICO claim" (internal quotation marks omitted)).[2]

---

[2] "While a violation of the Hobbs Act may be a predicate act under RICO, as noted, Plaintiff has failed to allege a plausible RICO claim. Accordingly, . . . to the extent Plaintiff attempts to bring a private civil action based upon the Hobbs Act, it [should] be dismissed." Lyles v. Grant, No. 6:17CV3245, 2018 WL 4999782, at *7 n.5 (D.S.C. Aug. 3, 2018) (unpublished) (internal citation
(continued...)

CONCLUSION

The repetitive and conclusory nature of the Complaint renders Plaintiff's claims "frivolous [for] lack[ of] an arguable basis either in law or in fact," Neitzke, 490 U.S. at 325, and his allegations "are so outlandish and unmoored from reality that the Court [should] find[] this entire action to be frivolous," Rutledge v. Wake Forest Univ. Sch. of Med., No. 3:24CV404, 2024 WL 2949030, at *2 (W.D.N.C. June 11, 2024) (unpublished), aff'd, No. 24-6649, 2024 WL 4690913 (4th Cir. Nov. 6, 2024) (unpublished).

**IT IS THEREFORE ORDERED** that the Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the Petition (Docket Entry 4) be denied and that this action be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 7, 2026

[2](...continued)
omitted), recommendation adopted, 2018 WL 4962224 (D.S.C. Oct. 15, 2018) (unpublished); see also, e.g., Smith v. Bank of Am., No. 2:14CV635, 2015 WL 12591791, at *2 (E.D. Va. Apr. 20, 2015) (unpublished) ("[T]he Hobbs Act[ ] is a criminal statute . . . and it does not establish a private cause of action.").